UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER S.,

              Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.

CASE NO. C23-144-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ misevaluated the medical evidence and her testimony, failed to develop the record, and made erroneous step five findings. Dkt. 15. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

In February 2020, Plaintiff filed an application for supplemental security income, alleging disability beginning in 2003. Tr. 15. The ALJ found bipolar disorder, social anxiety disorder, posttraumatic stress disorder (PTSD), persistent depressive disorder, specific learning disorder, substance abuse disorder, diabetes with neuropathy, obesity, right knee osteoarthritis, degenerative disease of the cervical spine, osteoarthritis of the right should, and asthma are

ORDER REVERSING AND REMANDING - 1

severe impairments; the impairments do not meet the Listings; Plaintiff has the residual functional capacity (RFC) to perform light work with other physical, environmental and mental health limitations; Plaintiff has no work history but is not disabled because she can perform other jobs in the national economy. Tr. 18-29.

**A.     Medical Opinions**

Plaintiff contends the ALJ misevaluated numerous medical opinions.

***1.        Christopher Portman, Ph.D. and Melanie Mitchell, Psy.D.***

The ALJ rejected Drs. Portman's and Mitchell's opinions that Plaintiff has severe functional limitations on the grounds the opinions were not "well supported," do "not align with the concepts and terms of the Social Security Act," offer a determination reserved to the Commissioner, and assess functional limitations inconsistent with the record that showed largely intact mental status. Tr. 27. Plaintiff contends, and the Court agrees, the ALJ erred in discounting these opinions.

First, the ALJ's statement the opinions are not well supported is insufficient because this is a conclusory statement and not a reviewable explanation supported by substantial evidence. *Woods v. Kijakazi,* 32 F.4th 785, 792 (9th Cir. 2022) (holding an ALJ can "reject an examining or treating doctor's opinion as unsupported or inconsistent" if the ALJ "provide[es] an explanation supported by substantial evidence").

Next, the ALJ's finding the doctors' opinions are inconsistent with Plaintiff's medical records is not supported by substantial evidence. In support of this finding, the ALJ cited to the following records: a February 6, 2020, report indicating the clinician was meeting Plaintiff for the first time, and Plaintiff was polite, cooperative, calm, had normal speech, anxious mood, normal memory (noting this was not tested), clear thought process and judgment Tr. 2958; a June

ORDER REVERSING AND REMANDING - 2

9, 2021, record indicating Plaintiff was mildly anxious and depressed but engaged well, and her. Tr. 2922; and a September 9, 2020, record indicating Plaintiff's behavior, judgment and thought content is normal, but her mood is anxious, and her speech is tangential. Tr. 2647.

An ALJ may discount a medical opinion as inconsistent with the medical record, but the few records the ALJ selected to reject the doctors' opinions do not fairly represent Plaintiff's medical record. There are numerous medical records that tend to support the opinions of Drs. Portman and Mitchell. *See e.g.,* Records from April 3, 2020 (anxiety makes it difficult for Plaintiff to attend appointments; working on coping skills to reduce and regulate anxiety. Tr. 2956); April 17, 2023 (Discussed with Plaintiff processing anxiety due to Covid and how nobody is wearing a mask or glove; reported anxiety and depressive symptoms. Tr. 2954); May 15, 2020 (Patient imagines everyone is cheating on her making her more hypervigilant. Tr. 2952); June 5, 2020 (Plaintiff was anxious with pressured speech and flight of ideas. Tr. 2950); June 19 ,2020 (Discussed crying a lot, neighbors coming over to help Plaintiff, and processing grief and loneliness. Tr. 2948); April 13, 2020 (Processed grief and related trauma experiences. Tr. 2944-456); October 27, 2020 (Feeling that breathing problems are caused by anxiety; Plaintiff is lonely and depressed. Tr. 2940-41); January 20, 2021 (Depressed and tired. 2935); May 12, 2021 (Plaintiff reports been depressed Tr. 2926); June 9, 2021 (Mildly depressed and anxious Tr. 2922); September 20, 2021 (Plaintiff's confusion with appointment times is an ongoing problem. Tr. 2920).

The ALJ also erred in rejecting the doctors' opinion as not aligning "with the concepts and terms of the Social Security Act." The doctors' opinions were set forth in Washington State Department of Social and Health Services (DSHS) psychological/psychiatric evaluation forms that contain medical source statements listing severity ratings as to the ability to perform work

ORDER REVERSING AND REMANDING - 3

activities. The ALJ's rationale would preclude use of all Washington DSHS evaluations as these evaluations use the same forms and use the same terms. This would be unreasonable given the plain fact DSHS evaluations are contained in virtually every claimant's administrative record in Washington State and are regularly considered by ALJ's as relevant evidence in determining disability. The DSHS severity ratings may not use the exact language contained in the social security act but that does not make the ratings irrelevant or subject to automatic discount. There is nothing showing the severity ratings are so untethered to social security disability determinations that they are unhelpful, or irrelevant and should be disregarded. Additionally, to the extent the ALJ was unclear about what a moderate, marked, or severe functional limitation or level of impairment meant, as used in the DSHS forms, the ALJ should have requested clarification from the doctors rather than simply rejecting the opinions.

The ALJ also rejected the opinions as setting forth a determination reserved to the Commissioner. The doctors did not simply opine Plaintiff was unable to work, which is a determination reserved to the Commissioner. Rather they assessed the severity of Plaintiff's functional limitations following a clinical examination which are medical opinions which should be considered and assessed. The ALJ's finding the doctors determined disability, which is reserved to the Commissioner, is accordingly not supported by substantial evidence.

    4.    **Rebecca McClinton, MA, LMHC, Dana Harmon, Ph.D. and W. Douglas Uhl, Psy.D.**

Plaintiff contends the ALJ failed to sufficiently address records and opinions generated by Ms. McClinton and gave weight to the opinions of Drs Harmon and Uhl, even though they predate the relevant time period. Because the ALJ erred in discounting the opinions of Drs. Portman and Mitchell and must reassess these opinions, the ALJ must also necessarily reassess the opinions of Ms. McClinton, and Drs. Harmon and Uhl, on remand.

ORDER REVERSING AND REMANDING - 4

B.     **Plaintiff's Testimony**

The ALJ rejected Plaintiff's testimony about her pain and her mental health symptoms on the grounds it was inconsistent with the record. Because the Court has found the ALJ erred in discounting the opinions of Drs. Portman and Mitchell regarding Plaintiff's mental health limitations, which necessarily affect the assessment of Plaintiff's testimony regarding these symptoms, the ALJ shall on remand reassess Plaintiff's testimony about her mental health symptoms.

The ALJ indicated reviewing doctors Gordon Hale, M.D., Renee Eisenhauer, Ph.D. noted Plaintiff has severe impairments but that "there was insufficient evidence to evaluate the claimant's functioning." Tr. 26. *See also* Tr. 104 ("Insufficient evidence physical."). Norman Staley, M.D. and Jan L. Lewis, Ph.D. indicated a consultative examination (CE) was needed but the ALJ did not order a CE. Dkt. 15 at 5, 7-8; *see also* Tr 126 ("is a CE(s) required? Yes.").

The ALJ should order a CE depending on the quality of existing medical opinions, and whether an issue, such as what the record establishes is subject to dispute, and whether the issue can be resolved by the ALJ without further medical opinions. *Reed v. Massanari*, 270 F.3d 838, 844 (9th Cir. 2001).  Here the reviewing doctors indicated the record was insufficient to determine disability and a CE was needed. *See* Tr 126 ("The additional evidence needed is not contained in the records of the individual's medical sources."). The ALJ nonetheless found Plaintiff not disabled and rejected her testimony about her physical symptoms as inconsistent with the record but without obtaining a CE. The ALJ accordingly erred and shall reassess Plaintiff's testimony and develop the record further on remand.

**C.    Drug and Alcohol Analysis and Step Five**

Because this case must be remanded for further proceedings, the ALJ on remand shall address as appropriate any Drug and Alcohol issues, and any step five issues.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)

On remand, the ALJ shall reassess the opinions of Drs. Portman, Mitchell, Uhl and Harmon, reassess the opinions of Ms. McClinton and Plaintiff, develop the record to include ordering a CE and redetermine RFC as needed, and proceed to remaining steps as appropriate.

DATED this 26th day of September, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge